

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

*Reinstated by O-6616*

Overruled by O-3091  IN PRR

GERALD C. MANN
ATTORNEY GENERAL

Hon. Dwight Whitwell
Assistant County Attorney
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-1234
Re: What is the compensation of a special county
judge in a county operating on a salary basis,
and from what fund should he receive his com-
pensation?

Your request for opinion upon the above question has
been received by this department.

The population of Collin County, Texas, according to
the last preceding Federal Census is 46,180.

Opinion No. O-722 of this department passes upon the
questions you ask. This opinion holds that the salary of the
special county judge is the annual salary of the county judge
divided by 365 and the quotient multiplied by the number of
days actually served by such special judge; the special coun-
ty judge should be compensated out of the Officers' Salary Fund.

We enclose, herewith, a copy of opinion No. O-722.

You are, therefore, respectfully advised that it is
the opinion of this department that a special county judge, in
counties operating under the Officers' Salary Law, should re-
ceive as his compensation or salary for his services, the an-
nual salary of the county judge of the county divided by 365
and the quotient multiplied by the number of days actually
served by such special judge, and that such compensation or
salary be paid to such special county judge out of the Officers'
Salary Fund. Any and all fees earned and collected by such
special county judge, by virtue of his office, should be plac-
ed in the Officers' Salary Fund of the county.

Trusting that this satisfactorily answers your in-
quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
Wm. J. Fanning
Assistant.

APPROVED AUG 12, 1939

JFrob

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT